Per Curiam.

The first section of St. 1825, c. 89, provides that where a tenant of any house shall hold the same without *123 right and after notice in writing to quit, whoever has the right of possession thereof may summon such tenant to answer to his complaint before a justice of the peace. The form of the complaint is given, in which the only allegation is, that possession is withheld without law and against the right of the complainant; no damages are claimed. The statute then proceeds' to enact, that if the complainant shall duly enter such writ, and the defendant shall appear and answer, and after issue joined, it shall be considered by the court trying the same, that the complainant hath sustained his complaint, then judgment shall be rendered, that the complainant have possession of the demanded premises, and for his costs, and there upon he shall have a writ of habere facias possessionem. The second section provides, that if the complainant appeals, he shall recognize to pay all intervening damages and costs, and to prosecute his appeal with effect; that if the defendant appeals, he shall recognize to pay all rent due and in arrears, and all intervening rent, damages and costs ; and that the Court of Common Pleas shall, whenever any appellant thereto shall fail to prosecute his appeal, affirm the former judgment upon the appellee’s complaint, and award such additional dam ages and costs as have arisen in consequence of the appeal. The complainant contends, that by virtue of these provisions, it is competent to the Court of Common Pleas to render judgment for the intervening rent and damages ; and the question is, whether the statute can be so construed. It is urged that “ additional damages ” include intervening rent, as the complainant is damaged by being kept out of possession, and likewise damages for the timber and wood removed, and for the injury done to the house. The case might be likened to that of interest accruing subsequently to the commencement of an action ; but interest is merely incidental, and therefore is brought up to the time of the judgment. But with the exception of interest, no damages could be recovered except what had accrued before the action was commenced. The phrase “ intervening damages ” seems to have been used without any definite meaning. It is the usual language in regard to appeals, and it is employed in respect to appeals by the plaintiff, where there can he no intervening damages. The expression *124 appears to have been introduced into the statutes ex abundanlt cautela.
Then it is asked, whether the complainant has any other remedy than the one now claimed. If the tenant keeps out the owner wrongfully and there were no other remedy, the statute might perhaps be so construed as to give this remedy ; though it would be an awkward construction. There can however be no doubt but that an action of debt will lie on the recognizance ; and a previous judgment of the Court of Common Pleas for intervening damages, is not necessary in order to sustain such action. This view is confirmed by the clause in the recognizance, “ to pay rent in arrear.” That is not intervening rent, and the remedy for it would necessarily be upon the recognizance.[1]

Judgment of C. C. P. affirmed.

 See Rev. Stat. c. 104, § 10.